1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUGLAS E. STAGGS,

                Plaintiff,

     v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

               Defendant.

CASE NO. C09-5374BHS

ORDER ADOPTING
REPORT AND
RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Honorable

Karen L. Strombom, United States Magistrate Judge (Dkt. 21) and Plaintiff Douglas E. Staggs's

("Staggs") objections to the Report and Recommendation (Dkt. 24). The Court has considered the

Report and Recommendation, Staggs's objections, and the remaining record, and hereby

**REVOKES** the re-referral to Magistrate Judge Strombom (Dkt. 29) and **ADOPTS** the Magistrate

Judge's Report and Recommendation for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

Staggs originally applied for disability insurance in December 2002, alleging a disability

onset date of April 1, 2002. Dkt. 21 at 1. His application was initially denied. *Id*. at 2. On May 26,

2005, after the first hearing, the Social Security Administrative Law Judge ("ALJ") determined

that Staggs was not disabled. *Id*. On January 19, 2006, the Social Security Appeals Council

("Council") granted Staggs's request to review the ALJ's decision, and remanded the matter to the

same ALJ for further administrative proceedings. *Id*. A second hearing was held before that ALJ,

who again determined that Staggs was not disabled, finding specifically that he was capable of

performing other jobs existing in significant numbers in the national economy. *Id*. On February 8,

ORDER – 1

1  2008, the Appeals Council denied Staggs's request for review of the ALJ's second decision,

2  making it the Commissioner's final decision. *Id*. Staggs appealed that decision to the Magistrate

3  Judge, who remanded the matter to the Commissioner to conduct further administrative

4  proceedings after stipulation of both parties. *Id*. The Appeals Council in turn remanded the matter

5  to another ALJ, who held a third hearing on March 4, 2009, in which she also determined Staggs

6  as not disabled. *Id*.

7       On June 23, 2009, Staggs filed the instant complaint seeking review of the ALJ's decision

8  to deny disability insurance. Dkt. 3. On October 20, 2010, the Commissioner filed an answer to

9  the complaint. Dkt. 15. On November 17, 2009, Staggs filed his opening brief. Dkt. 18. On

10 December 15, 2010, the Commissioner filed a responsive brief. Dkt. 19. Staggs filed a reply brief

11 on December 28, 2009. Dkt. 20. The Magistrate Judge issued a report and recommendation on

12 May 24, 2010, recommending that Staggs's case be referred back to the ALJ. Dkt. 21. On July 23,

13 2010, Staggs filed objections to the report and recommendation. Dkt. 24. The Commissioner filed

14 a response to the objections on August 16, 2010. Dkt. 27. On October 13, 2010, this Court re-

15 referred Staggs's case to the Magistrate Judge to review a different disability onset date. However,

16 because the different disability onset date was not originally before the ALJ, this Court revokes its

17 order and adopts the Magistrate Judge's report and recommendation.

## II. DISCUSSION

19 Staggs makes four objections to the Magistrate Judge's report and recommendation. First,

20 Staggs argues that the Magistrate Judge (1) improperly upheld the ALJ's rejection of Dr. Morris's

21 and Dr. Smith's opinions (Dkt. 24 at 2), (2) erred by not remanding the case to determine benefits

22 (Dkt. 24 at 7), (3) applied incorrect legal standards (Dkt. 24 at 8), and (4) violated the *Chenery*

23 doctrine (Dkt. 24 at 11).

24 **A.    Dr. Morris and Dr. Smith Opinions**

25      Staggs argues that the Magistrate Judge improperly concluded that the ALJ did not err by

26 giving greater weight to Dr. Mayer's and Dr. Krueger's opinions, than to Dr. Smith's and Dr.

27 Morris's opinions, Staggs's treating physicians in 2006-2008. Dkts. 21 at 7-8, 24 at 4. In her

28 findings, the ALJ gave greater weight to Dr. Mayer's and Dr. Krueger's opinions, Staggs's

1   treating physicians in 2002-2003. *See* Dkts. 21, 24.  Here, however, the Magistrate Judge directed

2   the ALJ to reconsider "the objective medical evidence in the record concerning plaintiff's mental

3   impairments, including the opinions of Drs. Smith and Morris." Dkt. 21 at 8. Even if the

4   Magistrate Judge erroneously concluded the ALJ did not improperly reject the opinions of Dr.

5   Smith and Dr. Morris, any error was cured by requiring the ALJ to reconsider their opinions on

6   remand. *Id.*

7        Staggs also agreed to amend his alleged disability onset date to June 1, 2006, while

8   reserving the right to argue his 2002 alleged onset date should this matter be remanded back to the

9   ALJ for additional proceedings. Dkt. 24 at 2. A new disability onset date may affect whether the

10  record supports finding Staggs disabled as of June 1, 2006. However, the new onset date was not

11  before the ALJ and, therefore, cannot be considered before this Court on appeal. Staggs may

12  argue the June 1, 2006 onset date before the ALJ on remand.

13  **B.    Remanding the Case to Determine Benefits**

14       In her report and recommendation, the Magistrate Judge concluded that the "ALJ erred in

15  rejecting the findings and opinions of Melinda C. Losee, Ph. D." Dkt. 21 at. 8. Staggs argues that

16  the Magistrate Judge should have remanded the case "for the immediate payment of benefits"

17  upon concluding that the ALJ improperly discounted Dr. Losee's opinion. Dkts. 24 at 7, 21 at 8.

18  Staggs contends that Dr. Losee's opinion justifies a finding of disability under SSR 85-15. Dkt. 24

19  at 8. Staggs asks this Court to take Dr. Losee's opinion as true, even though the ALJ has not

20  properly taken the opinion into account. *See* Dkts. 21 at 9, 27 at 4.

21       The Magistrate Judge states that "[w]hile it does appear Dr. Losee relied to at least some

22  extent on [Staggs's subjective complaints]—and while . . . the ALJ did not err in discounting

23  Staggs's credibility in regard thereto—Dr. Losee also conducted a detailed mental status

24  evaluation, which on its own forms a proper basis for making special diagnosis." Dkt. 21 at 8.

25  Thus, there may be portions of Dr. Losee's opinion that may have been properly discounted by the

26  ALJ. According to *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), a reviewing court should only

27  remand for a finding of disability and an award of benefits where there "are no outstanding issues

28  that must be resolved before a determination of disability can be made." *Id.* at 1292. Here, just one

ORDER – 3

1  of the outstanding issues is that Dr. Losee's opinion was not properly taken into account by the

2  ALJ in consideration of Staggs's entire medical record. Accordingly, this Court agrees with the

3  Magistrate Judge that the ALJ did not properly reject Dr. Losee's opinion and the appropriate

4  remedy is to remand the case to the ALJ for reconsideration of the medical record.

5  **C.    Legal Standards for Credibility**

6           Staggs also contends that the Magistrate Judge applied the incorrect legal standard in

7  determining that the ALJ properly rejected Staggs's allegations. Dkt. 24 at 8. The Magistrate

8  Judge found that the ALJ improperly discounted Staggs's credibility because of his criminal

9  history. Dkt. 21 at 12. The Magistrate Judge concluded that "the mere fact that one of the ALJ's

10 reasons for discounting plaintiff's credibility was improper, [criminal history,] does not render the

11 ALJ's entire credibility determination invalid."[1] *Id*. Staggs argues that the Magistrate Judge

12 improperly relied on *Tonapetyan v. Halter*, 242 F.3d 1144 (9th Cir. 2001), as the legal standard to

13 evaluate the ALJ's credibility determination of Staggs because the Magistrate Judge statement

14 "[t]hat some of the reasons for discrediting a claimaint's testimony should properly be discounted

15 does not render the ALJ's determination invalid, as long as that determination is supported by

16 substantial evidence." Dkt. 24 at 9 (*citing Tonapetyan*, 242 F.3d at 1148).

17          Instead, Staggs contends that the Court should have applied a harmless error standard to

18 determine if the "ALJ's error did not materially impact his decision." *Id*. at 9 (*citing Stout v.*

19 *Comm'r, Soc. Sec. Admin.*, 454 F.3d 105, 1054-55 (9th Cir. 2006), *Batson v. Comm'r Soc. Sec.*

20 *Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). However, even if the Court were to apply the

21 harmless error standard, the Court would come to the same conclusion because the ALJ provided

22 a number of other reasons to support her negative credibility finding, such as Staggs's daily

23 living, his statements about his pain conflicted with the ALJ's assessment of his residual

24 functional capacity, and he did not follow the recommendation of his physician. Dkt. 21 at 9-10;

25 *see also Batson*, 389 F.3d at 1197 (the court found that "in light of all the other reasons given by

26 the ALJ for Batson's lack of credibility and his residual functional capacity, and in light of the

27

28          [1]The ALJ properly relied on three other reasons, other than criminal history, in discounting
Staggs's credibility. Dkt. 21 at 9-12.

ORDER – 4

1   objective medical evidence on which the ALJ relied, there was substantial evidence supporting the

2   ALJ's decision").

3        Staggs also contends that the Magistrate Judge improperly upheld two of the ALJ's

4   credibility findings. Dkt. 24 at 10. Staggs argues the ALJ improperly discounted his credibility

5   because his daily physical lifestyle and failure to attend physical therapy does not undermine his

6   mental restrictions—one of the reasons why Staggs had applied for disability. *Id*.

7              To determine whether the claimant's testimony regarding the severity of
              symptoms is credible, the ALJ may consider, for example: (1) ordinary techniques
8             of credibility evaluation, such as the claimant's reputation for lying, prior
              inconsistent statements concerning the symptoms, and other testimony by the
9             claimant that appears less than candid; (2) unexplained or inadequately explained
              failure to seek treatment or to follow a prescribed course of treatment; and (3) the
10            claimant's daily activities.

11  *Smolen*, 80 F.3d at 1284. Here, because Staggs also based his disability application on physical

12  restrictions, not just mental restrictions, the ALJ specifically determined that Staggs's testimony

13  regarding his physical impairments did not support the medical evidence of his physical

14  restrictions. Dkt. 18 at 4. The ALJ found Staggs's testimony regarding the extent of his physical

15  impairments not credible. *See* Dkts. 18, 21. Where the ALJ thoroughly discusses the medical

16  evidence in making a credibility determination, as the ALJ did here, a court will give the ALJ

17  "great deference." *See Green v. Heckler*, 803 F.2d 528, 532 (9th Cir. 1986). The ALJ's

18  determination about Staggs's credibility relating to his physical impairments is not unsupported.

19  The ALJ's credibility determination was supported by pointing out specific instances of Staggs's

20  testimony regarding his physical impairments that conflicted with the medical evidence. *See* Dkt.

21  21. There is nothing in the record to suggest that the ALJ made specific credibility determinations

22  about Staggs's mental restrictions based on Staggs's testimony that related to his physical

23  impairments. *See id*. Even so, under *Smolen*, the ALJ may look to "prior inconsistent statements

24  concerning symptoms"—the *Smolen* court does not distinguish mental from physical

25  symptoms—to determine credibility. *Smolen*, 80 F.3d at 1284. Accordingly, the Court agrees

26  with the Magistrate Judge; the ALJ did not err by finding Staggs's testimony incredible as a

27  whole.

28

ORDER – 5

**D.      Violations of the *Chenery* Doctrine**

Staggs argues that the Magistrate Judge's report and recommendation, at pages 16 to 20, violates the *Chenery* doctrine.[2]  Staggs contends that the Magistrate Judge inaccurately characterized the ALJ's actual findings when the Magistrate Judge re-worded the ALJ's finding that Staggs "can perform [simple, one- and two-step] tasks routinely" to state that Staggs can perform "simple, routine work tasks." Dkt. 24 at 11-12. The characterization of the ALJ's finding is important to determine if Staggs can perform the recommended jobs based on his level of reasoning. The ALJ found that Staggs is capable of performing jobs that are classified as requiring a reasoning level of 1, 2, and 3.[3] Dkt. 21 at 14-15. While the Magistrate Judge may have re-characterized the ALJ's finding, her recommendation is based on an analysis of a final assembler, an undisputed level 1 reasoning job type. Dkt. 21 at 20-23. Even if the Magistrate Judge improperly characterized the ALJ's finding, her decision was based on the determination that Staggs could perform the work of a final assembler, not that Staggs was capable of performing "simple, routine tasks." Therefore, the Magistrate Judge did not violate *SEC v. Chenery* in her analysis.

### III. ORDER

Therefore, the Court **STRIKES** its order re-referring the case to the Magistrate Judge (Dkt. 29) and **ADOPTS** the Report and Recommendation (Dkt. 21) and remands this case to the Social Security Administration for further review.

DATED this 15th day of November, 2010.

BENJAMIN H. SETTLE
United States District Judge

---

[2] The Supreme Court held "[t]hat rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

[3] The Magistrate Judge did find that ALJ erred in finding Staggs to be capable of performing the job of document preparer, a level 3 reasoning job type. *See* Dkt. 21 at 17, n. 5.

ORDER – 6