1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11
12

DOUGLAS E. STAGGS,

                          Plaintiff,

        v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                          Defendant.

Case No. 3:09-cv-5374-BHS-KLS

REPORT AND RECOMMENDATION

Noted for May 20, 2011

13
14
15
16
17
18
19
20
21
22
23
24
25
26

        This matter is before the Court on plaintiff's filing of a motion for an award of attorney's fees, expenses and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).  After reviewing plaintiff's motion, defendant's response to that motion, plaintiff's reply thereto, and the remainder of the record, the undersigned submits the following Report and Recommendation for the Court's review.

FACTUAL AND PROCEDURAL HISTORY

        On November 17, 2009, plaintiff filed her opening brief in this matter. See ECF #18.  On December 15, 2009, defendant filed his response brief (see ECF #19), and on December 28, 2009, plaintiff filed her reply brief (see ECF #20).  On May 24, 2010, the undersigned issued a

REPORT AND RECOMMENDATION - 1

Report and Recommendation, finding the administrative law judge ("ALJ") erred in determining plaintiff to be not disabled. See ECF #21.  Specifically, the ALJ erred in discounting the opinion of one psychologist, in evaluating the lay witness evidence in the record and in finding plaintiff was able to perform other jobs existing in significant numbers in the national economy. See id. Because of the ALJ's errors, the undersigned recommended the matter be remanded to defendant for further administrative proceedings. See id.

Plaintiff filed objections to the undersigned's Report and Recommendation on July 23, 2010. See ECF #24.  On August 16, 2010, defendant filed his response thereto. See ECF #27. The Court, on October 13, 2010, re-referred this matter to the undersigned in light of plaintiff's objections (see ECF #29), but on November 15, 2010, rescinded that referral and instead adopted the Report and Recommendation (see ECF #30).  On December 2, 2010, plaintiff filed a motion to alter or amend the Court's judgment (see ECF #32), with respect to which defendant filed a response on December 17, 2010 (see ECF #33), and which the Court denied on January 10, 2011 (see ECF #34).

Plaintiff now seeks an award of attorney's fees, expenses and costs pursuant to the EAJA, which defendant opposes on the grounds that the fees requested are not reasonable.  Specifically, defendant argues: (1) no attorney's fees should be awarded for time spent on the objections to the Report and Recommendation or the motion to alter or amend the Court's judgment; and (2) the attorney's fees being requested should be further reduced due to the use of block billing, the complexity or lack thereof of the case and plaintiff's counsel's experience in the area of Social Security disability. See ECF #36.  For the reasons set forth below, the undersigned largely agrees with defendant, and finds therefore that although an award of attorney's fees is warranted in this case, the attorney's fees award should be reduced to the extent noted herein.

REPORT AND RECOMMENDATION - 2

<u>DISCUSSION</u>

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Thus, to be eligible for attorney's fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust.  <u>Commissioner, Immigration and Naturalization Service v. Jean</u>, 496 U.S. 154, 158 (1990).  Defendant does not contest plaintiff's status as a prevailing party here, nor has he argued that his position in this case was substantially justified or that special circumstances exist making an award of attorney fees unjust.

Before awarding attorney's fees pursuant to the EAJA, the Court must determine whether the attorney fees being requested are "reasonable." <u>Jean</u>, 496 U.S. at 161; <u>see</u> <u>also</u> 28 U.S.C. § 2412(d)(1)(A) ("'fees and other expenses' includes . . . reasonable attorney fees").  The test to be used in determining what attorney fees are reasonable was set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), which dealt with recovery of attorney's fees under 42 U.S.C. § 1988.  That test "also is applicable to awards of fees under the EAJA." <u>Sorenson v. Mink</u>, 239 F.3d 1140, 1145 n.2 (citing <u>Jean</u>, 496 U.S. at 161 (stating once private litigant has met eligibility requirements for EAJA fees, district court's task of determining what fee is reasonable is essentially same as that described in <u>Hensley</u>)); <u>see</u> <u>also</u> <u>Haworth v. State of Nevada</u>, 56 F.3d 1048, 1051 (9th Cir. 1995) (noting case law construing what is "reasonable" fee applies uniformly to all federal fee-shifting

REPORT AND RECOMMENDATION - 3

1    statutes) (quoting <u>City of Burlington v. Dague</u>, 505 U.S. 557, 562 (1992)).

2            In determining "the amount of a reasonable fee," the "most useful starting point" for the

3    Court "is the number of hours reasonably expended on the litigation multiplied by a reasonable

4    hourly rate." <u>Hensley</u>, 461 U.S. at 433.  To that end, "[t]he party seeking an award of fees should

5    submit evidence supporting the hours worked and rates claimed." <u>Id.</u>  "Where the documentation

6    of hours is inadequate," though, the Court "may reduce the award accordingly." <u>Id.</u>  The Court

7    also "should exclude from this initial fee calculation hours that were not 'reasonably expended,'"

8    and the prevailing party's counsel "should make a good faith effort to exclude from a fee request

9    hours that are excessive, redundant, or otherwise unnecessary." <u>Id.</u> at 434.

10           "The product of reasonable hours times a reasonable rate," however, "does not end the

11   inquiry." <u>Id.</u>  Rather, the district court also must consider "the important factor of the 'results

12   obtained.'" <u>Id.</u>  That is, did the prevailing party "achieve a level of success that makes the hours

13   reasonably expended a satisfactory basis for making a fee award?"[1] <u>Id.</u>  The Supreme Court went

14   on to state:

15           Where a plaintiff has obtained excellent results, his attorney should recover a
             fully compensatory fee.  Normally this will encompass all hours reasonably
16           expended on the litigation, and indeed in some cases of exceptional success an
             enhanced award may be justified.  In these circumstances the fee award
17           should not be reduced simply because the plaintiff failed to prevail on every
             contention raised in the lawsuit.

18
19
20
21   <u>Id.</u>  Even so, as noted above, "the fee applicant bears the burden of establishing entitlement to an

22

23   _____

     [1] In some cases, the district court also may need to address the question of whether the prevailing party failed "to
24   prevail on claims that were unrelated to the claims on which he succeeded." <u>Id.</u>  This will be true where "distinctly
     different claims" are raised, and the "work on an unsuccessful claim cannot be deemed to have been 'expended in
25   pursuit of the ultimate result achieved.'" <u>Id.</u> at 434-35.  On the other hand, in those cases that involve "a common
     core of facts" or that "will be based on related legal theories," where the underlying "lawsuit cannot be viewed as a
26   series of discrete claims," the district court instead "should focus on the significance of the overall relief obtained"
     by the prevailing party "in relation to the hours reasonably expended on the litigation." <u>Id.</u> at 435.  This matter more
     resembles the latter situation in that, while plaintiff did not prevail on all the issues he raised, there is a common core
     of facts involved, and he achieved significant relief in the form of reversal of the ALJ's non-disability determination.

     REPORT AND RECOMMENDATION - 4

award and documenting the appropriate hours expended and hourly rates." <u>Id.</u> at 437.

The district court "has discretion in determining the amount of a fee award." <u>Id.</u>; <u>see also</u> <u>Oklahoma Aerotronics, Inc. v. United States</u>, 943 F.2d 1344, 1347 (D.C. Cir. 1991) (decision on how much to trim from claim for fees is committed to district court's discretion) (citing <u>Pierce v. Underwood</u>, 487 U.S. 552, 571 (1988)).  However, the district court must "provide a concise but clear explanation of its reasons for the fee award." <u>Hensley</u>, 461 U.S. at 437.  Decisions from other district courts concerning the reasonableness of the number of attorney's fee hours charged to the government provide some guidance.[2]

The determination as to which hours were reasonably expended, however, "must be made in the context of the specific case," and "what is reasonable in one case may be unreasonable in another." <u>Bunn</u>, 637 F.Supp. at 469-70 (reasonableness depends on complexity of case, number of reasonable strategies pursued, and responses necessitated by opponent's tactics) (citing <u>Ramos v. Lamm</u>, 713 F.2d 546, 554 (10th Cir. 1983)).  In addition, the district court "must 'weigh the hours claimed against [its] own knowledge, experience, and expertise of the time required to complete similar activities.'" <u>Id.</u> at 470 (quoting <u>Johnson v. Georia Highway Express, Inc.</u>, 488 F.2d 714, 717 (5th Cir. 1974)).

Where the issues addressed in the prevailing party's briefs "were complex, of some considerable length, or the law was in flux," a significant "expenditure of time might well be justified." <u>Id.</u>; <u>see also</u> <u>Patterson</u>, 99 F.Supp.2d at 1213 (finding that presentation of plaintiff's claims required significantly more factual development and legal analysis than was required at

---

[2] For example, some decisions indicate that for social security cases, "compensated hours generally range from" 20 to 40. <u>DiGennaro v. Bowen</u>, 666 F.Supp. 426, 433 (E.D.N.Y. 1987); <u>Patterson v. Apfel</u>, 99 F.Supp.2d 1212, 1214 and n.2 (C.D. Cal. 2000) (finding 33.75 hours claimed to be spent reasonable and noting in general approved range of between 20 and 46 hours for services performed before district court); <u>Bunn v. Bowen</u>, 637 F.Supp. 464, 470 (E.D.N.C. 1986) (stating that never before had 51 hours of compensable time been claimed before it in social security cases).  In contrast, the District Court for the Eastern District of Wisconsin has awarded EAJA attorney's fees based on hours claimed in the range of 38 to 67. <u>Wirth v. Barnhart</u>, 325 F.Supp.2d 911, 914 (E.D. Wis. 2004).

REPORT AND RECOMMENDATION - 5

administrative level and that case raised some issues that were not routine); <u>DiGennaro</u>, 666 F.Supp. at 433 (stating district court may adjust fee based on novelty and difficulty of questions considered).  One district court also has noted that "[s]ocial security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." <u>Patterson</u>, 99 F.Supp.2d at 1213.

Other "special factors" also may "justify granting an award for a greater than average number of hours." <u>DiGennaro</u>, 666 F.Supp. at 433 (noting, for example, that nature of plaintiff's disability in that case required additional time for telephone communications, that counsel were brought in only at district court level years after claim was instituted on *pro se* basis requiring review of numerous documents and transcripts, and that counsel needed to reconstruct and supplement medical evidence from examinations conducted eight years earlier due to ALJ's failure to do so).  As noted above, the undersigned agrees with defendant that a reduction in the amount of requested attorney's fees is appropriate.

First, the undersigned finds that plaintiff should be denied attorney's fees for all work done in relation to the objections to the Report and Recommendation and the motion to alter or amend the Court's judgment.  The parties contest the applicability here of the Ninth Circuit's decision in <u>Atkins v. Apfel</u>, 154 F.3d 986 (9th Cir. 1998).  In that case, defendant "opposed the requested fee for appellate work because [the claimant] pursued an unsuccessful appeal [to the Ninth Circuit]." <u>Id.</u> at 989.  The Ninth Circuit, quoting <u>Hensley</u>, noted expressly that in awarding attorney's fees, "[t]he district court should 'make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.'" <u>Id.</u> (quoting 461 U.S. at 437). In vacating the fee award, the Ninth Circuit found that the district court had abused its discretion by failing "to consider the results obtained on the appeal because it apparently believed that,

REPORT AND RECOMMENDATION - 6

absent dilatory conduct, it was required to award . . . the full amount requested without regard to the success of the appeal." Id. at 989-90.

The Ninth Circuit thus remanded the case to the district court "for a redetermination of a 'reasonable' fee award, after giving due consideration to the results obtained by [the claimant] in the underlying appeal . . . as required by *Hensley*." Id. at 990.  Noting the Ninth Circuit's finding that the claimant's "'position was not advanced by the appeal,'" the district court on remand also found the claimant's appeal "did not enhance the result obtained by him in any way," and thus it declined to award the fees requested therefor. Atkins v. Apfel, 46 F.Supp.2d 1066, 1067 (D. Ore. 1999) (quoting Atkins, 154 F.3d at 987).  Plaintiff argues the Ninth Circuit's holding in Atkins is not applicable, because the matter at hand does not involve an appeal.

It is true that in the very technical sense that plaintiff did not actually file an appeal with the Ninth Circuit, Atkins is distinguishable here.  Substantively, however, there is no difference. In this case, the undersigned issued a Report and Recommendation addressing the merits of the issues plaintiff raised in her briefing, and resolving in her favor her request to have the decision to deny her benefits reversed, at least to the extent that the matter was remanded to defendant to conduct further administrative proceedings.  The Court adopted the Report and Recommendation in full, and neither plaintiff's objections – which effectively is a form of appeal, but one made to the District Court Judge rather than the Court of Appeals – nor her subsequent motion to alter or amend the Court's judgment enhanced the result she achieved in any way.

Instead of the Ninth Circuit's decision in Atkins, plaintiff argues his position is supported by Penrod v. Apfel, 54 F.Supp.2d 961 (D. Ariz., 1999).  In Penrod, two months after plaintiff had filed a motion for summary judgment, defendant filed a motion for remand. Id. at 963.  Thus, the district court found "no merit" in defendant's contention that plaintiff "unnecessarily prolonged"

REPORT AND RECOMMENDATION - 7

the proceedings "by opposing the motion for remand." <u>Id.</u> Rather, the district court found the

claimant's filing of a reply brief advocating for an outright grant of summary judgment, "rather

than stipulating to remand" – particularly in light of what the defendant conceded "were obvious

deficiencies in the administrative decision" – "did not unduly or unreasonably protract" the court

proceedings. <u>Id.</u>

Here, though, it was not defendant who "'unnecessarily prolonged these proceedings,'"

but plaintiff who chose to object to the undersigned's Report and Recommendation and then to

file a motion to alter or amend the Court's judgment. <u>Id.</u> Had defendant, for example, and not

plaintiff, filed objections to the undersigned's Report and Recommendation and/or filed such a

motion, the situation might be different. As expressly noted by the Ninth Circuit:

> There will be situations where a "prevailing party" should be fully
> compensated for the fees and expenses associated with an appeal that did not
> lead to any further benefit. *For example, if the government appealed a case
> and the plaintiff was required to defend a district court victory, the plaintiff, of
> course, would be entitled to fees for the appeal.*

<u>Atkins</u>, 154 F.3d at 989 n. 1. The circumstances in <u>Penrod</u> are more like the latter situation – and

thus an award of attorney's fees was appropriate in that case – whereas here, as discussed above,

the circumstances fall more in line with those where the claimant, as in <u>Atkins</u>, was the one who

caused the proceedings to be prolonged through his own actions.

The undersigned recognizes that either party is permitted to file objections to a Report

and Recommendation. But that does not take away from the fact that both the Supreme Court

and the Ninth Circuit expressly have directed district courts to take into consideration the results

obtained when determining an award of attorney's fees. As such, although it may be as plaintiff

asserts that "an attorney <u>would</u> typically bill a private fee-paying client for the time reasonably

expended" on the objections and motion to alter or amend (ECF #40, p. 2 (emphasis in original)),

REPORT AND RECOMMENDATION - 8

1  again this ignores the fact that in determining whether the time billed is reasonable in an EAJA

2  case, the results obtained in regard to the appeal – or in this case the challenge to the Report and

3  Recommendation and the Court's judgment – must be considered.

4      Plaintiff claims counsel spent a total of 26 hours preparing the objections to the Report

5  and Recommendation and the motion to amend or alter the Court's judgment. See ECF #35-4,

6  Exhibit B, p. 1.  Plaintiff's counsel already voluntarily has reduced that number to a total of 13

7  hours of work being claimed. See ECF #35-4.  But as explained above, because the results in this

8  case were not at all enhanced by such work, attorney's fees should not be awarded for those

9  remaining 13 hours, and, therefore, they should be reduced to zero.  Given that all such work was

10 performed in 2010 at the rate of $175.06 – a rate defendant does not challenge – this reduction in

11 hours results in a reduction of $2,275.78 in attorney's fees.

12     The undersigned also agrees with defendant that although at 697 pages the administrative

13 record was somewhat long, there was nothing necessarily complex or unique regarding the issues

14 in this case.  In addition, while it may be that "the expertise of plaintiff's counsel [in the area of

15 Social Security disability] does not" per se "make the hours [counsel] expended unreasonable," it

16 is a factor the undersigned finds the Court should consider when weighing "'the hours claimed

17 against [its] own knowledge, experience, and expertise of the time required to complete similar

18 activities.'" Patterson v. Apfel, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000); Bunn, 637 F.Supp. at

19 470 (quoting Johnson, 488 F.2d at 717).  That said, while the undersigned does not find the time

20 plaintiff's counsel claims he spent preparing the opening brief to be unreasonable, the amount of

21 time expended on the reply brief was not, and should be reduced from 16.75 hours to 10.0 hours,

22 once more when evaluated it against the undersigned's own knowledge, experience and expertise

23 in these matters.  This results in a reduction in the amount of attorney's fees for that work – all of

REPORT AND RECOMMENDATION - 9

which was performed in 2009 at the rate of $172.24 per hour, which again is a rate defendant has not challenged – from a total of $2,885.02 down to a total of $1,722.40.[3]

Defendant further argues that it was improper for plaintiff's counsel to engage in block billing. "Block billing" consists of "lumping multiple tasks into a single entry of time." Cadena v. Pacesetter Corp., 224 F.3d 1203, 1214 (10th Cir. 2000). But the undersigned is unconvinced that anything improper in regard to such billing occurred here. It is the applicant for attorney's fees who "bears the burden of documenting the appropriate hours expended in the litigation and [who] must submit evidence in support of those hours worked." Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing Hensley, 461 U.S. at 433, 437); see also Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1121 (9th Cir. 2000). On the other hand, the fee applicant "'is not required to record in great detail how each minute of his time was expended.'" Fischer, 214 F.3d at 1121 (quoting Hensley, 461 U.S. at 437 n.12).

The undersigned might agree with defendant if the manner in which the time plaintiff's counsel billed in this case, made it impossible to evaluate the reasonableness of the hours being claimed. See Role Models America, Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004). But the undersigned finds no such impossibility is present here. As just noted, plaintiff's counsel "'is not required to record in great detail how each minute of his time was expended.'" Fischer, 214 F.3d at 1121 (quoting Hensley, 461 U.S. at 437 n.12). Rather, plaintiff's counsel "can meet his burden – although just barely – by simply listing his hours and 'identify[ing] the general subject

---

[3] These hour and fee amounts solely concern the work performed by Ralph Wilborn, one of the two attorneys who represented plaintiff in this case. However, the undersigned also finds 0.7 hours spent by plaintiff's other attorney, Elie Halpern in 2009, reviewing defendant's brief and reviewing and revising plaintiff's reply thereto (see ECF #35-5) also should be reduced, in this instance to zero. This is because it is not at all clear why such time was required to be spent by Mr. Halpern, given that it seems he hired Mr. Wilborn to represent plaintiff (see ECF #35-4, Exhibit B, p. 1), and that Mr. Wilborn was the one who drafted and then made the final revisions to the reply brief (see id.). As such, a reduction is warranted in the amount of the hours being claimed by Mr. Halpern for 2009 from a total of 6.4 to a total of 5.7, and thus a corresponding reduction in the amount of attorney's fees being claimed therefor from a total of $1,102.34 (6.4 hours x $172.24) to a total of $981.77 (5.7 hours x $172.24).

REPORT AND RECOMMENDATION - 10

matter of his time expenditures.'" Id. (citation omitted).  Thus, while it may be that "the billing

records submitted" – though the undersigned does not specifically so find here – "would benefit

from greater specificity," those records are sufficient to allow the Court "to determine the time

allotted by [plaintiff's counsel] to [the] specific tasks [performed] and the reasonableness of that

time." Cadena, 224 at 1215 (citation omitted).[4]

Nevertheless, as discussed above, the undersigned finds the number of hours spent by Mr.

Wilborn on work related to the reply brief should be reduced from 16.75 hours to 10.0 hours, and

on work related to the objections to the Report and Recommendation and the motion to alter or

amend the Court's judgment from 13.0 hours (already voluntarily reduced by plaintiff's counsel

from the original 26 hours claimed for that work) to zero.  In addition, the number of hours Mr.

Halpern spent working on this case during 2009, should be reduced from 6.4 hours down to 5.7

hours.  This results in a reduction in the amount of attorney's fees claimed by Mr. Wilborn for

2010 from $2,275.78 (again, already voluntarily reduced from the $4,551.56 originally claimed)

once more down to zero, and a reduction in the amount of attorney's fees claimed for work he

performed in 2009, from $7,449.38 (43.25 hours x $172.24) down to $6,286.76 (36.50 (43.25 –

6.75) x $172.24).  It also results in a reduction in the amount of attorney's fees claimed by Mr.

Halpern for 2009, from $1,102.34 down to $981.77.[5]

Accordingly, the total amount of attorney's fees being claimed by Mr. Wilbron should be

---

[4] As with the Tenth Circuit, it does not appear – or at least no case has been cited indicating – that the Ninth Circuit has "established a rule mandating reduction or denial of a fee request if the prevailing party submits attorney-records which reflect block billing." Id.

[5] Mr. Halpern voluntarily has reduced the number of hours he claimed for work performed in 2010 from 2.6 down to 2.5, resulting in an award of fees for that time in the amount of $17.51 (0.1 x $175.06 – the undersigned rejects the argument put forth by defendant that because the amount of time spent by Mr. Halpern performing work on this case in 2010 is de minimis, it should be paid at the 2009 billing rate of $172.24.  In addition, the undersigned determines that there is no reason not to allow the 0.1 hours of total time Mr. Halpern spent performing such work in 2011, also at a rate of $175.06, for a total of $17.51 in attorney's fees therefor.

reduced from $9,725.16 down to $6,286.76.  The total amount of attorney's fees being claimed by Mr. Halpern should be reduced as well from $1,137.36 ($1,102.34 + $17.51 + $17.51) down to $1,016.79 ($981.77 + $17.51 + $17.51).  Defendant has not objected to plaintiff's request for expenses in the amount of $47.43 and costs in the amount of $34.30, and therefore those should be granted in full.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court should grant plaintiff's request for EAJA attorney's fees in the amount of $6,286.76 for work performed by Mr. Wilborn and $1,016.79 for work performed by Mr. Halpern in this matter, as well as plaintiff's request for EAJA expenses and costs in the amount of $47.43 and $34.30 respectively.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **May 20, 2011**, as noted in the caption.

DATED this 28th day of April, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12